1              IN THE UNITED STATES DISTRICT COURT

2          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

3

4    United States of America,

5                        Plaintiff,

6    vs.                        Criminal Action No. 3:19-cr-10

7    Paul Glen Hamilton, Jr.,

8                        Defendant.

9

10           Proceedings had in the Guilty Plea Hearing in the

11   above-styled action on July 24, 2019, before the Honorable

12   Robert W. Trumble, Magistrate Judge, at Martinsburg, West

13   Virginia.

14

15   APPEARANCES:

16   On behalf of the United States of America:

17   Ms. Kimberley K. Crockett
     Assistant United States Attorney
18   United States Attorney's Office
     217 West King Street, Ste. 400
19   Martinsburg, West Virginia 25401

20   On behalf of the defendant:

21   Mr. Aaron D. Moss
     Assistant Federal Public Defender
22   Federal Public Defender's Office
     651 Foxcroft, Ste. 202
23   Martinsburg, West Virginia 25401

24   The defendant was present in person.

25   Proceedings reported by means of stenotype; transcript produced
     by official court reporter.

1          (Digitally-recorded proceedings in open court)

2              (July 24, 2019, 10:02 A.M.)

3                      - - -

4          THE COURT:  Good morning, everyone.  Please be

5   seated.

6      Nancy, would you call the case for me, please.

7          THE CLERK:  This is the case of the United States of

8   America versus Paul Glen Hamilton, criminal action number

9   3:19-cr-10, defendant 1.

10      The Government is represented by counsel, Kim Crockett.

11  The defendant is present in person and by counsel, Aaron Moss.

12      Are the parties ready to proceed?

13          MS. CROCKETT:  United States is ready.

14          MR. MOSS:  Mr. Hamilton is ready.

15          THE COURT:  All right.  Good morning, everyone.

16  We're scheduled for a nonbinding guilty plea to an indictment

17  in this matter.

18      Mr. Moss, it's my understanding that Mr. Hamilton desires

19  to plead guilty to the charge contained in Count 1 of the

20  original indictment; is that correct, sir?

21          MR. MOSS:  That's correct, Your Honor.

22          THE COURT:  It's also my understanding that there is

23  no applicable plea agreement in this case; is that correct,

24  sir?

25          MR. MOSS:  Correct.

```
 1              THE COURT:  All right.  Thank you.
 2       Mr. Hamilton, would you please stand, raise your right
 3    hand, and be sworn by the clerk.
 4       (The defendant was sworn in.)
 5              THE DEFENDANT:  Yes, ma'am.
 6              THE CLERK:  Thank you, sir.
 7              THE COURT:  Please be seated.
 8       Mr. Hamilton, do you understand that you're under oath, and
 9    if you answer any of my questions falsely, your answers may
10    later be used against you in another prosecution for perjury or
11    for making a false statement?
12              THE DEFENDANT:  Yes, sir.
13              THE COURT:  Sir, do you understand that if you lie,
14    it may result in a higher sentence for you?
15              THE DEFENDANT:  Yes, sir.
16              THE COURT:  Now, during the course of this hearing,
17    I'm going to be asking you several questions.  At any point,
18    you should feel free to ask questions, ask for an explanation
19    if you do not understand my question, or ask me to pause the
20    proceedings so that you may confer with your attorney.  Do you
21    understand, sir?
22              THE DEFENDANT:  Yes, sir.
23              THE COURT:  Would you state your full name for the
24    record, please.
25              THE DEFENDANT:  Paul Glen Hamilton, Jr.
```

1          THE COURT:  And how old are you, Mr. Hamilton?

2          THE DEFENDANT:  I'm 23 but I'm going to be 24.

3          THE COURT:  All right.  And how much education have

4   you had, sir?

5          THE DEFENDANT:  High school.

6          THE COURT:  You can read, write, and understand

7   English?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Have you recently been under the care of

10  a doctor, a psychiatrist, or other medical professional for any

11  serious physical or mental illness, including treatment for an

12  addiction to drugs or alcohol?

13         THE DEFENDANT:  Currently or before?

14         THE COURT:  Are you currently seeing a doctor,

15  psychiatrist, or other medical professional for treatment for

16  any serious physical or mental illness, including any treatment

17  for an addiction to drugs or alcohol?

18         THE DEFENDANT:  No.

19         THE COURT:  Have you received treatment in the past?

20         THE DEFENDANT:  Yes.

21         THE COURT:  Does any of that treatment that you've

22  received in the past affect your ability to understand what

23  we're doing in this proceeding today?

24         THE DEFENDANT:  No, sir.

25         THE COURT:  Are you currently using any form of a

1  controlled substance or any medication or alcohol that might

2  affect your ability to understand this proceeding today?

3          THE DEFENDANT:  No, sir.

4          THE COURT:  Mr. Moss, you've been dealing with

5  Mr. Hamilton.  Do you have any reason to question his

6  competence, sir?

7          MR. MOSS:  Your Honor, on June 3, 2019, Mr. Hamilton

8  underwent a competency evaluation.  Based on the results of

9  that evaluation, I have no reason to question his competency.

10          THE COURT:  All right.  Thank you.

11      Mr. Hamilton, are you here today to enter a guilty plea?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  All right.  Based on your responses, sir,

14  I find that you are competent and capable of entering an

15  informed plea.

16      Mr. Hamilton, my name is Robert Trumble.  I'm the United

17  States Magistrate Judge.  You are charged with a felony

18  offense.  You have the right to have this plea taken by an

19  Article III judge, sometimes called a district judge.  Only you

20  can give up that right, and I can only hear your plea if you

21  agree to it by signing a waiver.

22      Now, I have on my bench a waiver that appears to bear your

23  signature.  Did you, in fact, sign this waiver, sir?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  Did you discuss it with Mr. Moss before

1    you signed it?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  And you understand the purpose for

4    signing the waiver is to allow me to hear your change in plea

5    today; is that correct?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Did anyone force or pressure you into

8    signing the waiver, Mr. Hamilton?

9              THE DEFENDANT:  No, sir.

10             THE COURT:  Mr. Moss, is it your understanding that

11   your client agrees to this waiver?

12             MR. MOSS:  Yes, Your Honor.

13             THE COURT:  I find that the waiver has been properly

14   executed and direct that it be filed.

15      Mr. Hamilton, do you understand that you have the right to

16   be represented by counsel at every stage of these proceedings,

17   including your sentencing; and if you cannot afford counsel,

18   you have a right to have counsel appointed in your behalf?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  Mr. Moss, do you or any member of your

21   office represent anyone, including codefendants, who might be

22   interested in the outcome of this matter?

23             MR. MOSS:  No, sir.

24             THE COURT:  Mr. Hamilton, let me ask you some

25   questions about the representation that you've received from

1   Mr. Moss.  Do you believe that you've had adequate time to

2   discuss your case fully with Mr. Moss?

3           THE DEFENDANT:  Yes, sir.

4           THE COURT:  Has he been able to answer your questions

5   about how best to proceed in this case?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  Is there anything your lawyer has not

8   done which you have asked him to do?

9           THE DEFENDANT:  No, sir.

10           THE COURT:  Are you completely satisfied with the

11   legal advice that you've received from Mr. Moss?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  Mr. Moss, during the time that you've

14   represented Mr. Hamilton, has he been cooperative with you,

15   sir?

16           MR. MOSS:  He has, Your Honor.

17           THE COURT:  Have you had adequate time to discover

18   the Government's case?

19           MR. MOSS:  I have.

20           THE COURT:  Have you had adequate time to consider

21   the possible defenses to the charge?

22           MR. MOSS:  Yes, Your Honor.

23           THE COURT:  Do you know of any viable defense to the

24   charge contained in Count 1 of the original indictment?

25           MR. MOSS:  No, Your Honor.

```
1              THE COURT:  Have you had adequate time to consider
2   the possible sentences?
3              MR. MOSS:  Yes.
4              THE COURT:  Have you discussed all of those issues
5   with your client, Mr. Hamilton?
6              MR. MOSS:  I have, Your Honor.
7              THE COURT:  All right.  Thank you.
8       All right.  There is no plea agreement in this case so,
9   Mr. Hamilton, it's my understanding that you plan to plead
10  guilty to Count 1 of the original indictment; is that correct,
11  sir?
12             THE DEFENDANT:  Yes, sir.
13             THE COURT:  Sir, have you received a copy of the
14  original indictment filed against you?
15             THE DEFENDANT:  Yes, sir.
16             THE COURT:  Have you had an opportunity to read the
17  original indictment?
18             THE DEFENDANT:  Yes, sir.
19             THE COURT:  Do you waive reading of the original
20  indictment in open court?
21             THE DEFENDANT:  Yes, sir.
22             THE COURT:  You're pleading to Count 1 of the
23  original indictment which charges you with possession of child
24  pornography in violation of Title 18, United States Code,
25  Section 2252A(a)(5)(B) and (b)(2).
```

1    Mr. Hamilton, how do you plead to the charge contained in

2  Count 1 of the original indictment?

3         THE DEFENDANT:  Guilty, sir.

4         THE COURT:  Now, before I accept your plea, I want to

5  make sure that there is a factual basis for your plea and that

6  you understand the nature of the charge against you and the

7  consequences of pleading guilty to the charge and that you

8  understand the constitutional and other legal rights you will

9  give up by pleading guilty and that you are pleading guilty

10  voluntarily.

11    Sir, you are charged in Count 1 of the indictment with

12  possession of child pornography in violation of Title 18,

13  United States Code, Sections 2252A(a)(5)(B) and (b)(2).

14    Now, Title 18, United States Code, Section 2252A(a)(5)(B)

15  states in its pertinent part as follows:  Any person who

16  knowingly possesses any book, magazine, periodical, film,

17  videotape, computer disk, or any other material that contains

18  an image of child pornography that has been mailed or shipped

19  or transported using any means or facility of interstate or

20  foreign commerce or in or affecting interstate or foreign

21  commerce by any means, including by computer or that was

22  produced using materials that have been mailed or shipped or

23  transported in or affecting interstate or foreign commerce by

24  any means, including by computer, shall be punished as provided

25  in subsection (b).

1    Now, Title 18, United States Code, Section 2252A(b)(2)

2    states in its pertinent part, "Whoever violates or attempts or

3    conspires to violate subsection (a)(5)" -- what is the proper

4    charge for this, Ms. Crockett?

5              MS. CROCKETT:  I'm sorry, Your Honor?

6              THE COURT:  What is the proper charge under

7    2252A(b)(2)?  In other words, what is the penalty under -- for

8    this particular charge?

9              MS. CROCKETT:  Oh, ten years for this defendant.

10             THE COURT:  All right.  Bear with me just one moment.

11   So Title 18, United States Code, Section 2252A(b)(2) states

12   in its pertinent part, "Whoever violates or attempts or

13   conspires to violate subsection (a)(5) shall be fined under

14   this title or imprisoned not more than 10 years or both."

15   And that's the correct penalty for this particular case; is

16   that correct, Ms. Crockett?

17             MS. CROCKETT:  It is, Your Honor.  The victim in this

18   case is 14 years of age.

19             THE COURT:  Mr. Moss, do you concur?

20             MR. MOSS:  I do, Your Honor.

21             THE COURT:  All right.  Thank you.

22   Sir, do you understand the criminal statutes under which

23   you've been charged?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Now, in order to establish that you

1  violated Title 18, United States Code, Section 2252(a)(5)(B),

2  the United States must prove each of the following elements

3  beyond a reasonable doubt:  First, you knowingly possessed any

4  book, magazine, periodical, film, videotape, computer disk, or

5  any other material containing an image of child pornography;

6  second, one of those visual depictions involved a prepubescent

7  minor or a minor who -- prepubescent minor; third, the visual

8  depictions were mailed, shipped, or transported in interstate

9  or foreign commerce by any means, including by computer or

10  produced using materials that were mailed, shipped, or

11  transported in interstate or foreign commerce by any means,

12  including by computer.

13      Now the phrase child pornography means any visual depiction

14  of a minor engaging in sexually explicit conduct where the

15  minor was engaged in sexually explicit conduct during

16  production of the depiction.  The term visual depiction

17  includes any photograph, film, video, picture, or

18  computer-generated image or picture whether made or produced by

19  electronic, mechanical, or other means.

20      Sir, do you understand the elements of the statute under

21  which you've been charged?

22          MR. MOSS:  Your Honor, before we -- before

23  Mr. Hamilton answers, I just want to clarify for the record, I

24  do not believe that the charge Mr. Hamilton is pleading guilty

25  to requires an image of a prepubescent minor.  I think that

1    would trigger the sentencing enhancement under the statute.

2              THE COURT:  Under the -- less than 12 since the minor

3    is over the age of 12 in this case?

4              MR. MOSS:  Correct, Your Honor.

5              THE COURT:  So as to the second element, one of the

6    visual depictions involved a minor would be a more appropriate

7    description of the element of the charge?

8              MR. MOSS:  Correct, Your Honor.  Thank you.

9              THE COURT:  All right.  And as to the balance of that

10   particular element phase, you're satisfied with that, Mr. Moss?

11             MR. MOSS:  Yes, Your Honor.

12             THE COURT:  All right.  Given that correction,

13   Mr. Hamilton, do you understand the elements of the statute

14   under which you've been charged?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Now considering those definitions,

17   Mr. Hamilton, do you consider yourself to be guilty of

18   violating Title 18, United States Code, Section 2252A(a)(5)(B)

19   and (b)(2)?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  Ms. Crockett, would you present your

22   witness or proffer as to what the Government would have been

23   able to prove in this case.

24             MS. CROCKETT:  Yes, Your Honor.  I will be proffering

25   the evidence that we will present the testimony of Agent Ellen

1   Duffy with the FBI, Colleen Gibbins and Ted Snyder with the

2   Berkeley County Sheriff's Department, minor victim identified

3   as A.C., Joel Harvey, forensic scientist with the West Virginia

4   Forensic Laboratory, among other witnesses at trial.

5       And the evidence would bear out that on or about September

6   11, 2018, A.C., a minor female with a birth date of April 6,

7   2004, was reported missing by her father.  And on September 13,

8   2018, law enforcement successfully located the minor by pinging

9   her cell phone.  And she was found in the custody of Paul

10  Hamilton at an Econo Lodge Motel in Suffolk County, Virginia.

11      The minor would testify that she met Paul Hamilton online

12  and after nine months of a telephonic relationship, they agreed

13  to meet for the first time on September 11th of 2018.  The

14  minor traveled via Lyft from her home to Berkeley -- from her

15  home in Berkeley County, West Virginia within the Northern

16  District of West Virginia to 14801 Arabian Lane in Bowie,

17  Maryland.

18      She would testify that Hamilton hid her inside his bedroom

19  closet for several hours until his family left the home the

20  next morning.  The minor would testify that she removed -- she

21  was -- that he removed her from the closet and sexually

22  assaulted her, ejaculating inside of her on two occasions

23  inside his home in Maryland before traveling with her through

24  Virginia headed towards South Carolina.

25      The minor would testify that during the transport, Hamilton

1  kept possession of her cell phone, and she had no way to

2  contact her parents.  She would testify that Hamilton checked

3  them into the Econo Lodge in Suffolk County, Virginia.  And

4  once inside, he sexually assaulted her for a third time.

5  Hamilton also photographed the two together while in bed.

6      The minor would testify that Hamilton made A.C. get into

7  the shower with him.  And while in the shower, they heard

8  police at the door.  The police were able to retrieve her from

9  Hamilton.  And at the time, because the police responded to the

10 report of a runaway, no arrest was made of Hamilton.

11     The minor victim supplied clothing to law enforcement for

12 collection and testing and agreed to the collection of a rape

13 kit gathered at Winchester Medical Center in Virginia.  DNA

14 results have been returned identifying seminal fluid of Paul

15 Hamilton present in samples collected from the rape kit.

16     While at the Winchester Medical Center, the officers

17 received a call that Hamilton's cell phone was currently

18 pinging at the victim's address in Berkeley County, West

19 Virginia.  An officer responded and -- responded and arrested

20 Hamilton in Berkeley County on a fugitive warrant from Maryland

21 issued on the stolen vehicle complaint filed by his parents.

22     Hamilton agreed to give a statement to police and after

23 receiving his Miranda warnings, he gave a recorded interview.

24 Officers would testify that Hamilton reported meeting A.C. on

25 an app, LiveMe, in November of 2017.  He stated A.C. first

1    reported she was 21, but he realized she was younger after a

2    few months.  He reported he knows that she is 14 and stated

3    that he was okay with her being 14 because he would not touch

4    her unless she wanted him to.  Hamilton added A.C. wanted to

5    have sexual intercourse with him.

6        Hamilton reported that over the course of the relationship,

7    A.C. sent him pictures, and they were on his phone --

8    pornographic pictures -- and they were on his phone and that he

9    did not ask her to send them.  Hamilton's cell phone was seized

10   on September 13, 2018, in Berkeley County pursuant to a valid

11   search warrant.  And the extraction reveals photographs,

12   images, and text messages that established Hamilton directed

13   A.C. to send him sexually explicit photos of herself and that

14   he communicated with her visually in realtime directing her

15   actions as she engaged in sexually explicit conduct.  Hamilton

16   further sent A.C. a video of himself in the shower while he was

17   nude.  Hamilton maintained on his phone 53 photographs of child

18   pornography of minor A.C. and 26 additional videos of A.C.

19   engaged in sexually explicit conduct that are all three seconds

20   in duration.

21       The phone was seized in Berkeley County, West Virginia

22   within the Northern District of West Virginia.

23           THE COURT:  Thank you.  Mr. Moss, do you have any

24   questions or objections -- do you have any objection to the

25   proffer?

1    MR. MOSS:  Your Honor, I'd just note that I have not

2 been provided any evidence regarding the results of the rape

3 kits that Ms. Crockett mentioned nor has Mr. Hamilton been

4 charged with that specific conduct.  I do have no objection as

5 to the proffer as it relates to the possession of the child

6 pornography.

7    THE COURT:  All right.  Thank you, sir.

8    Mr. Hamilton, do you have any objections to the proffer

9 made by the Government?

10    THE DEFENDANT:  No, sir.

11    THE COURT:  Mr. Hamilton, is the evidence the

12 government attorney just presented substantially correct?

13    THE DEFENDANT:  Yes, sir.

14    THE COURT:  Did the Government's proffer accurately

15 reflect your involvement in what occurred?

16    THE DEFENDANT:  Yes, sir.

17    THE COURT:  Would you explain to me what you did that

18 makes you guilty of possession of child pornography in

19 violation of Title 18, United States Code, Section

20 2252A(a)(5)(B) and (b)(2).

21    THE DEFENDANT:  I possessed child porn on my phone.

22    THE COURT:  All right.

23    THE DEFENDANT:  That's all, sir.

24    THE COURT:  Photographs that were transmitted in

25 interstate commerce of A.C.?

```
1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  Who was a minor?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  And this act occurred or these acts

5    occurred on or about September 13, 2018, at or near Berkeley

6    County in the Northern District of West Virginia?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Again, Mr. Moss, are you satisfied that

9    if this case went to trial, there would be no meritorious legal

10   defense to the charge, sir?

11             MR. MOSS:  Yes, Your Honor, as to the charge.

12             THE COURT:  And are you satisfied that Mr. Hamilton's

13   constitutional and other rights have been observed fully?

14             MR. MOSS:  I am, Your Honor.

15             THE COURT:  And do you concur in his now-stated

16   intention to enter a plea of guilty to this charge?

17             MR. MOSS:  I do, Your Honor.

18             THE COURT:  All right.  Thank you.

19      Mr. Hamilton, I find that there is sufficient factual basis

20   for your plea of guilty.

21      Now, sir, do you understand that you are pleading guilty to

22   a felony offense; and if your plea is accepted, you'll be

23   adjudged guilty of that felony offense?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  And do you understand that such judgment
```

1  may deprive you of valuable civil rights such as your right to

2  vote, your right to hold public office, your right to serve on

3  a jury, and your right to possess a firearm or gun of any kind?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Have you discussed the statutory

6  penalties that you are facing?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Do you understand that you expose

9  yourself to a maximum penalty of -- and let's confirm this

10  again.

11     What is the maximum penalty, Ms. Crockett, for this --

12          MS. CROCKETT:  Ten years.  Not more than ten years,

13  Your Honor.

14          THE COURT:  All right.  And that is under

15  2252A(b)(2)?

16          MS. CROCKETT:  Yes.

17          THE COURT:  All right.  So 20 years of imprisonment.

18  Is it a $250,000 fine?

19          MS. CROCKETT:  It's not 20 years, Your Honor.  It's

20  10 years.

21          THE COURT:  Ten years.

22          MS. CROCKETT:  Yeah.  And $250,000 fine.

23          THE COURT:  And what is the supervised release?

24          MS. CROCKETT:  Not less than five and up to lifetime

25  term of supervision.

1          THE COURT:  All right.  So we'll go through that

2    again.

3      Mr. Hamilton, do you understand that you expose yourself to

4    maximum penalties of 10 years of imprisonment, $250,000 fine,

5    and a term of at least five years and up to a lifetime of

6    supervised release?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  And do you understand that the mandatory

9    minimum sentence under Count 1 is that if you were sentenced to

10   a term of imprisonment, you'll be sentenced to at least five

11   years of supervised release?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  Do you understand that supervised release

14   means that after imprisonment, you will be supervised by the

15   probation office under conditions that will be set by this

16   Court?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  Do you understand that if you violate the

19   terms of your supervised release, the Court may revoke the term

20   of your supervised release and order you to serve a term in

21   prison?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  And do you understand that you'll be

24   required to pay a special assessment of $100 for having been

25   convicted of a felony offense?

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  Do you understand that unless you are

3   determined to be indigent, you'll be required to pay an

4   additional special assessment of $5,000 under the Justice for

5   Victims of Trafficking Act under Title 18, United States Code,

6   Section 3014(a)(3)?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  Do you understand as part of your fine,

9   you could be required to pay the cost of incarceration and/or

10  the cost of supervision upon release?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Have you discussed those costs with

13  Mr. Moss?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  And you understand that it now costs

16  $3,121 per month per person for prison; $373 per month per

17  person for supervised release; and $2,874 per month per person

18  for a residential reentry center?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Sir, do you understand that the Court has

21  the authority to order restitution in your case?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  And, if applicable, do you understand

24  that the Government may seek forfeiture in your case?

25          THE DEFENDANT:  Yes, sir.

1          THE COURT:  And do you understand that upon release

2     from imprisonment, you'll be required to register as a sex

3     offender and keep that registration current?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Do you understand by pleading guilty, if

6     you are not a citizen of the United States, you may be removed

7     from the United States, denied citizenship, and denied

8     admission to the United States in the future?

9          THE DEFENDANT:  Yes, sir.

10         THE COURT:  Sir, do you understand that the U.S.

11    Sentencing Guidelines play an important role in determining a

12    sentence in your case?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Have you discussed the application of the

15    U.S. Sentencing Guidelines to your case with Mr. Moss?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Do you understand that the Court will not

18    be able to determine the applicable advisory guideline sentence

19    for your case until after the presentence investigation report

20    has been completed and you and the Government have had an

21    opportunity to review it and to challenge the facts determined

22    by the probation officer and the application of the guidelines

23    recommended by the probation officer?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  Do you understand that the sentence

1  imposed upon you by the Court may be different from any

2  estimate Mr. Moss may have given you or what you thought it

3  would be?

4  　　　　　THE DEFENDANT:  Yes, sir.

5  　　　　　THE COURT:  Do you also understand that the Court

6  must calculate the applicable advisory U.S. Sentencing

7  Guidelines and consider that range, and the Court must also

8  consider possible departures under the U.S. Sentencing

9  Guidelines and other sentencing factors under Title 18, United

10  States Code, Section 3553(a)?

11  　　　　　THE DEFENDANT:  Yes, sir.

12  　　　　　THE COURT:  Do you understand that the Court is not

13  bound by the advisory guideline range and has the authority to

14  impose a sentence that is more severe or less severe than the

15  sentence called for by the guidelines?

16  　　　　　THE DEFENDANT:  Yes, sir.

17  　　　　　THE COURT:  Do you also understand that parole has

18  been abolished and that you will not be released on parole if

19  you were sentenced to prison?

20  　　　　　THE DEFENDANT:  Yes, sir.

21  　　　　　THE COURT:  Do you understand that even if you do not

22  like the sentence imposed upon you by the Court, you will still

23  be bound by your plea and will have no right to withdraw it?

24  　　　　　THE DEFENDANT:  Yes, sir.

25  　　　　　THE COURT:  Do you understand that you have the right

1    to testify at your sentencing hearing should you so desire?

2                    THE DEFENDANT:  Yes, sir.

3                    THE COURT:  Now, sir, everyone found guilty of a

4    crime in federal court in this district has the right to appeal

5    the conviction and sentence to the Fourth Circuit Court of

6    Appeals in Richmond, Virginia.  In Richmond, a three-judge

7    panel reviews the conviction and sentence to see if it was done

8    correctly.

9        Do you understand that you may have a right to appeal your

10   conviction if you believe that your guilty plea was unlawful or

11   involuntary or that there was some other fundamental defect in

12   the proceedings?

13                   THE DEFENDANT:  Yes, sir.

14                   THE COURT:  However, you agree that your guilty plea

15   today is lawful and voluntary and that there has been no

16   fundamental defect in the proceedings that you're aware of; is

17   that correct, sir?

18                   THE DEFENDANT:  Yes, sir.

19                   THE COURT:  Do you also understand that everyone has

20   the right to challenge their conviction or sentence or the

21   manner in which it was determined in a post-conviction

22   proceeding, sometimes called a habeas corpus petition or

23   collateral attack, under Title 28, United States Code, Section

24   2255?

25                   THE DEFENDANT:  Yes, sir.

1          THE COURT:  Do you understand that your legal
2    remedies on appeal or collateral attack include claims of
3    ineffective assistance of counsel or prosecutorial misconduct?
4          THE DEFENDANT:  Yes, sir.
5          THE COURT:  However, you agree that there is
6    currently no known evidence of ineffective assistance of
7    counsel or prosecutorial misconduct; is that correct, sir?
8          THE DEFENDANT:  Yes, sir.
9          THE COURT:  Sir, do you understand that you or the
10   Government may have a right to appeal any sentence that the
11   Court imposes?
12         THE DEFENDANT:  Yes, sir.
13         THE COURT:  Now, Mr. Hamilton, do you understand with
14   few exceptions should you find some basis on which to file an
15   appeal, any notice of an appeal must be filed within 14 days of
16   judgment being entered in your case?
17         THE DEFENDANT:  Yes, sir.
18         THE COURT:  Based on your responses, Mr. Hamilton, I
19   find that you understand the nature of the charge and the
20   consequences of a guilty plea to that charge.
21      Sir, do you understand that you have the right to continue
22   to plead not guilty to the charge?
23         THE DEFENDANT:  Yes, sir.
24         THE COURT:  Do you understand that by pleading
25   guilty, you give up your right to a speedy and public trial by

1   jury?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Do you also understand that by pleading

4   guilty, you give up your right to force the Government to come

5   forward with witnesses and evidence against you?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Do you understand that you would have

8   been presumed innocent until the Government presented enough

9   evidence to satisfy both the judge and a jury beyond a

10  reasonable doubt of your guilt?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Do you understand that when you admit

13  your guilt as you have here, you relieve the Government of the

14  burden of proving your guilt?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  Do you understand that you would have had

17  the right to the assistance of counsel at trial?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Do you understand that you and your

20  attorney, Mr. Moss, would have had the right to confront and

21  cross examine your accusers and to test the truth of what they

22  said?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Do you understand that by pleading

25  guilty, you give up that right?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you understand that had you desired to

3  go to trial and wished to call witnesses that you would have

4  been entitled to the services of the U.S. Marshal to bring

5  witnesses to court under subpoena?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Do you understand that by pleading

8  guilty, you give up your right to call witnesses except for

9  your sentencing hearing?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Do you understand that you would have had

12  the right to move to suppress or keep away from the jury's

13  hearing and consideration any evidence of any nature that had

14  been illegally or unlawfully obtained?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Do you understand that had you desired to

17  go to trial that you would have had the right to testify at

18  trial?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  However, you understand that you could

21  not have been compelled or forced to testify at trial?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Do you understand that you would have had

24  the right to go to trial and remain silent; that is, not take

25  the witness stand or call any witnesses or present any evidence

1   whatsoever on your own behalf?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  Do you understand that the Court would

4   have instructed the jury that they could not convict you

5   because you'd exercised your constitutional right to remain

6   silent; they could only base their decision on an offer of

7   proof from the Government?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  Do you understand that you give up your

10  right to a unanimous verdict from a jury?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Mr. Moss, do you believe that

13  Mr. Hamilton understands the consequences of his guilty plea,

14  sir?

15          MR. MOSS:  Yes, Your Honor, I do.

16          THE COURT:  Mr. Hamilton, I find that you understand

17  the constitutional and other legal rights you're giving up by

18  pleading guilty.

19     Now, Mr. Hamilton, knowing all of those things, do you

20  still wish to plead guilty at this time?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Sir, has any person forced you,

23  threatened you, coerced you, intimidated you, or talked you

24  into entering a guilty plea against your will?

25          THE DEFENDANT:  No, sir.

1          THE COURT:  Are you acting voluntarily and of your

2    own free will in entering this guilty plea?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Mr. Hamilton, are you pleading guilty

5    because you are guilty of the crime charged in Count 1 of the

6    original indictment?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Sir, has anyone promised or told you

9    something that is different from what I've told you today to

10   get you to plead guilty?

11         THE DEFENDANT:  No, sir.

12         THE COURT:  Sir, are you pleading guilty to protect

13   anyone?

14         THE DEFENDANT:  No, sir.

15         THE COURT:  Sir, has anyone promised or predicted the

16   exact sentence which will be imposed upon you in this matter?

17         THE DEFENDANT:  No, sir.

18         THE COURT:  Sir, do you understand that at this time,

19   no one can know the exact sentence which will be imposed in

20   your case?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Mr. Hamilton, have you been able to fully

23   understand what is going on in this proceeding today?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  Based on your responses, I find that your

1  guilty plea is voluntary.

2      Now, again, sir, at this time, do you have any questions or

3  second thoughts about entering a plea of guilty to the charge?

4          THE DEFENDANT:  No, sir.

5          THE COURT:  Would you please stand for me.

6      How do you plead to Count 1 of the original indictment

7  charging you with possession of child pornography?

8          THE DEFENDANT:  Guilty, sir.

9          THE COURT:  All right.  Thank you.  Please be seated.

10     In the case of United States versus Paul Glen Hamilton,

11 Jr., I find that Mr. Hamilton is fully competent and capable of

12 entering into an informed plea.  I find that there is a

13 sufficient factual basis for his plea of guilty.  I find that

14 Mr. Hamilton understands the nature of the charge and the

15 consequences of the guilty plea to the charge.  I find that

16 Mr. Hamilton understands the constitutional and other legal

17 rights he is giving up because of the plea, and I find that

18 Mr. Hamilton's plea is voluntary.

19     While I defer adjudging the defendant guilty to the

20 sentencing court, I do accept the plea of guilty to Count 1 of

21 the original indictment.

22     Mr. Hamilton, the sentencing court must consider the

23 following factors when determining the sentence that you will

24 receive:  The nature and circumstances of the offense; your

25 history and characteristics; the necessity of punishing you,

1    deterring you, protecting the public from you or providing you

2    with training, medical care, or other treatment; the kinds of

3    sentences and sentencing range established by the sentencing

4    guidelines; the need to give defendants with similar criminal

5    records similar sentences; and the need to provide restitution

6    to any victims of the offense.

7         In order to help the Court consider these factors, the

8    probation office is required to conduct a presentence

9    investigation of you and submit a report to the sentencing

10   court.  The information in this report might have an impact on

11   the sentence you ultimately receive.  I strongly encourage you

12   to discuss this process and your participation in the same with

13   your attorney, Mr. Moss.

14        Understand, Mr. Hamilton, that you must not commit any

15   crimes between now and sentencing because there are additional

16   punishments that may be imposed for committing additional

17   crimes.  Do you understand, sir?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Pursuant to Section 6A1 of the United

20   States Sentencing Guidelines, I order the probation office to

21   conduct a presentence investigation of Mr. Hamilton, prepare a

22   draft presentence investigation report, and disclose its

23   contents to the Government and Mr. Hamilton.  I further direct

24   that the probation officer and all parties comply with Federal

25   Rule of Criminal Procedure 32 and U.S. Sentencing Guidelines

1  Section 6A1.2 regarding deadlines for disclosure, objection,

2  departure motion, or sentencing statement requirements.  The

3  sentencing court will set this matter for sentencing following

4  receipt of the presentence report.

5  　　Mr. Moss, Ms. Crockett, if either of you anticipate a

6  lengthy sentencing hearing, please notify the sentencing court

7  in advance so that an adequate amount of time can be set aside

8  for that hearing.

9  　　　　MS. CROCKETT:  Yes, Your Honor.

10 　　　　MR. MOSS:  Yes, Your Honor.

11 　　　　THE COURT:  All right, Counsel.  Anything further we

12 need to address before we adjourn this morning?

13 　　　　MS. CROCKETT:  No, Your Honor.

14 　　　　MR. MOSS:  No, Your Honor.  Thank you.

15 　　　　THE COURT:  All right.  With that in mind, the

16 defendant is remanded to the custody of the U.S. Marshals

17 Service and we stand adjourned.  Thank you.

18

19 　　　　　(Proceedings concluded at 10:31 A.M.)

20

21

22

23

24

25

```
 1                          CERTIFICATE

 2

 3          I, Kate A. Slayden, Registered Professional Reporter

 4  and Official Court Reporter of the United States District Court

 5  for the Northern District of West Virginia, do hereby certify

 6  that the foregoing is a true and correct transcript to the best

 7  of my ability of the digitally-recorded proceedings had in the

 8  above-styled action on July 24, 2019, as transcribed by me.

 9          I certify that the transcript fees and format comply

10  with those prescribed by the Court and Judicial Conference of

11  the United States.

12          Given under my hand this 16th day of December, 2019.

13

14

15                            /s/Kate A. Slayden

16                            Kate A. Slayden, RPR, CCR
                              Official Reporter, United States
17                            District Court for the Northern
                              District of West Virginia
18

19

20

21

22

23

24

25
```